FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 28 2009

at / o'clock and 58 min. P.M.
SUE BEITIA, CLERK

SCHUTTER DIAS & SMITH
CHRISTOPHER A. DIAS    #6265
810 Richards Street, Suite 810
Honolulu, Hawaii 96813
Telephone No. 524-4600

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD ANDREW ALEXANDER; DANTE BALSIMO; ROBERT A. BATES; PHOT CHANTIRATH; JOANNE CLAY; WILLIAM CLAY; RENO DAWSON; MICHAEL DRANE; HAROLD FOUST; JOHNATHAN GRIFFIN; RAPHAEL GUTIERREZ; CHRISTOPHER HAWKINS; LAURALYN HAWKINS; MCKINLEY JOHNSON; VINCENT JOHNSON; DARELL MAGLINTI; JACK MENDOZA; KEVIN MURATA; HOLLY NOJIMA; ALISON PRAY; BRUCE RAGLIN; MARK RIPLEY; VAN ROHN; SCOTT SMITH; ALTHEA STUDMIRE; RICHARD SUMIYE; JESSE TAYLOR; MARTIN THROWMAN; SHIRLEY TORRES; HAL WISE; BERNADETTE YOCKMAN, | CIVIL NO. CV09-00193 DAE LEK<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

(21901)

|  |  |  |
|---|---|---|
| Plaintiffs, | ) | CIVIL NO. |
| | ) | |
| vs. | ) | |
| | ) | |
| LOIDA BUMANGLAG SANTOS; GRACE BUMANGLAG SANTOS; GEORGE RONALD E. JENKINS; DANIEL CUNNINGHAM; and DOE DEFENDANTS 1-10, | ) ) ) ) ) ) | |
| Defendants. | ) | |

(21901)

## COMPLAINT

COME NOW PLAINTIFFS above-captioned, by and through their undersigned counsel, and for causes of action against the above-captioned Defendants, allege and aver as follows.

1. At all times material herein, each Plaintiff was a resident of the City and County of Honolulu, State of Hawaii, and this judicial district.

2. Upon information and belief, at all times material herein, Defendant Loida Bumanglag Santos ("Defendant Loida Santos") has been a resident of the City and County of Honolulu, State of Hawaii, and this judicial district.

3. Upon information and belief, at all times material herein, Defendant Grace Bumanglag Santos ("Defendant Grace Santos") has been a resident of the

City and County of Honolulu, State of Hawaii, and this judicial district.

4. Upon information and belief, Defendant George Ronald E. Jenkins ("Defendant Jenkins") is a resident of Kansas City, Missouri.

5. Upon information and belief, at all times material herein, Defendant Daniel Cunningham ("Defendant Cunningham") has been a resident of the City and County of Honolulu, State of Hawaii, and this judicial district.

6. DOE DEFENDANTS 1 through 10 are PERSONS, CORPORATIONS, PARTNERSHIPS, JOINT VENTURES, GOVERNMENTAL ENTITIES, and/or OTHER ENTITIES and are sued herein under fictitious names for the reason that their true names and identities are unknown to the Plaintiffs, except that they may be connected in some manner with Defendants and may be agents, servants, employees, employers, representatives, co-ventures, associates, or independent contractors of the Defendants and/or were in some manner presently unknown to Plaintiffs engaged in the activities alleged herein and/or were in some manner responsible for the injuries and damages to the Plaintiffs and their true names, identities, capacities, activities and/or responsibilities are presently unknown to Plaintiffs or their attorney. Plaintiffs pray for leave of this Court to amend this Complaint once the true names, identities, capacities, activities, and/or responsibilities of said DOE DEFENDANTS are ascertained.

7. This Court has subject matter jurisdiction over this matter based on federal question jurisdiction because one or more of the claims alleged herein is based on federal law, to wit, 18 United States Code sections 1589 and 1595.

8. The Court has supplemental jurisdiction over the non-federal claims alleged herein because the non-federal claims are so related to the federal claims that they form part of the same case or controversy.

9. Venue lies in this judicial district because of the residencies of the parties, because all of the events giving rise to the case occurred within this judicial district, and because the nature of the case concerns real property situated entirely within this judicial district.

10. At all times material herein, Defendants Loida and Grace Santos have been owners of real property and improvements thereon situated at 1732 Gulick Avenue, Honolulu, Hawaii 96819, whose Tax Map Key number is (1) 1-3-018-0007 (hereafter, "Subject Premises").

11. During most of the relevant times, including the times when the tortious and illegal conduct alleged herein occurred, Defendant Jenkins was also an owner of the Subject Premises. On or about October 22, 2008 Defendant Jenkins purported to assign his interest in the Subject Premises to Defendant Cunningham.

12. Pursuant to this purported assignment, Defendant Cunningham became an owner of the Subject Premises on or about October 22, 2008.

13. Each Plaintiff was a tenant of the Subject Premises as of October 26, 2008. All Defendants were the Plaintiffs' landlords. Defendant Cunningham was the landlord who lived on site at the Subject Premises and handled day to day matters including the collection of rent.

14. For some time preceding October 26, 2008, Defendant Cunningham, with the implied or express consent of Defendants Grace Santos, Loida Santos and Jenkins, and with their actual or constructive knowledge, built an illegal, unpermitted extension to the primary dwelling house on the Subject Premises. This structure consisted of a make-shift structure of wood and pipes with a tarp covering. Within the structure were built individual sections which the Defendants rented to the Plaintiffs and other tenants to live in. Upon information and belief, the primary dwelling unit on the Subject Premises was a five bedroom, two bathroom single family dwelling. However, as many as 50 to 100 people lived in the house and the illegal structure.

15. Defendants, through Defendant Cunningham, coerced a number of Plaintiffs, including but not limited to Holly Nojima, Raphael Gutierrez, Jesse Taylor, Dante Balsimo, Vincent Johnson, Mark Ripley, Alison Pray, Harold Foust

and other tenants to work building and maintaining the illegal structure by using the threat of law if they did not provide free labor. Defendants, through Defendant Cunningham, told a number of Plaintiffs and other tenants that if they did not work on the structure, they would be evicted or their rent would be raised. The Plaintiffs who worked to build and maintain the structure believed they had no alternative to performing the services.

16. On or about October 26, 2008, the structure suffered a catastrophic collapse. Much of the structure fell into the Kalihi Stream which runs adjacent to the Subject Premises. Within days after the collapse the City and County of Honolulu condemned the property and the Plaintiffs and other tenants of the Subject Premises could no longer live there, in many instances rendering them homeless.

17. The Plaintiffs have suffered physical harm and loss of property as a result of the collapse of the structure.

18. During the term of their tenancies, Plaintiffs Phot Chantirath, Chris Hawkins, Richard Sumiye and Jesse Taylor were injected by Defendant Cunningham with a substance Defendant Cunningham told them was part of a "stem cell research" he was conducting. These Plaintiffs who were injected all suffered serious personal injury as a result of these injections.

## COUNT I: SLAVERY/PEONAGE

19. Plaintiffs incorporate by reference and reallege as if set forth fully herein the allegations contained in paragraphs 1-18.

20. The conduct of the Defendants as described herein constitutes slavery and/or peonage, in violation of 18 U.S.C. section 1589, which creates a private cause of action under 18 U.S.C. section 1595.

21. As a direct and proximate result of the slavery and/or peonage conducted by the Defendants, the Plaintiffs have suffered the injuries and damages described herein.

## COUNT II: NEGLIGENCE

22. Plaintiffs incorporate by reference and reallege as if set forth fully herein the allegations contained in paragraphs 1-21.

23. Defendants acted in a careless and negligent manner in that they knew or should have known of an unreasonably dangerous condition on the Subject Premises. Defendants failed to properly maintain, inspect, secure, construct, preserve, repair, warn, or in some manner keep the premises in a safe condition.

24. As a direct and proximate result of the negligence of Defendants, jointly and severally, Plaintiffs suffered serious injuries and damages which include but are not limited to personal injury, loss of home, loss of property,

severe emotional distress, and other damages which will be proven at the time of trial and which exceed $75,000.00.

## COUNT III: BREACH OF LANDLORD/TENANT CODE

25. Plaintiffs incorporate by reference and reallege as if set forth fully herein the allegations contained in paragraphs 1-24.

26. The conduct of Defendants as described herein violated numerous provisions of the Hawaii Landlord/Tenant Code, to wit, Hawaii Revised Statutes, section 521-42(a) and other applicable sections.

27. As a direct and proximate result of the Defendants' breaches of the Landlord/Tenant Code, the Plaintiffs have suffered the injuries and damages described herein.

## COUNT IV: BREACH OF THE IMPLIED WARRANTY OF HABITABILITY AND FITNESS

28. Plaintiffs incorporate by reference and reallege as if set forth fully herein the allegations contained in paragraphs 1-27.

29. As landlords, the Defendants owed to the Plaintiffs, as tenants, a warranty of habitability and fitness over the Subject Premises.

30. By their conduct as alleged herein, Defendants breached the warranty of habitability and fitness.

31. As a direct and proximate result of the Defendants' breach of the warranty of habitability and fitness, the Plaintiffs suffered the injuries and damages described herein.

## COUNT V: BATTERY

32. Plaintiffs incorporate by reference and reallege as if set forth fully herein the allegations contained in paragraphs 1-21.

33. Defendant Cunningham's injection of various Plaintiffs as described herein was an unlawful and offensive touching of another without their knowing and voluntary consent and as such constitutes a battery.

34. As a direct and proximate result of Defendant Cunningham's battery, the Plaintiffs have suffered the injuries and damages described herein.

## COUNT VI: VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

35. Plaintiffs incorporate by reference and reallege as if set forth fully herein the allegations contained in paragraphs 1-34.

36. All Defendants were the agents of one another. Each is vicariously liable for the conduct of all other Defendants.

37. At all relevant times, Defendant Cunningham was an agent and/or employee of Defendants Loida Santos, Grace Santos and Jenkins, acting within the course and scope of his agency or employment with Defendants Loida Santos,

Grace Santos and Jenkins, and as such said Defendants are liable for the conduct of Defendant Cunningham under agency, vicarious liability and/or respondeat superior.

## COUNT VII: PUNITIVE DAMAGES

38. Plaintiffs incorporate by reference and reallege as if set forth fully herein the allegations contained in paragraphs 1-37.

39. The conduct of all Defendants as described herein was wanton, willful, malicious, grossly negligent, and/or committed with such disregard for the safety, well-being and rights of others so as to imply a spirit of mischief or criminal indifference to their obligations and the consequences of their actions, and as such an award of punitive damages against all Defendants is warranted.

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants, jointly and severally, as follows:

A. For general damages in such amounts as the jury may award;

B. For special damages in amounts to be proven at trial;

C. For punitive damages in such amounts as the jury may award;

D. For statutory attorneys' fees and damages under 18 U.S.C. section 1595; and

E. For attorneys' fees, costs, pre-judgment interest, and such other and

further relief as the Court deems just under the circumstances.

DATED: Honolulu, Hawaii, April 28, 2009.

*[signature]*

CHRISTOPHER A. DIAS
Attorney for Plaintiffs