Of Counsel:
SUMIDA & ASSOCIATES
A Limited Liability Law Company

KEVIN P.H. SUMIDA        2544-0
LANCE S. AU              6244-0
ANTHONY L. WONG          6018-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawai`i 96813
Telephone No. 808-356-2600
email: ksumida@hawaiilaw411.com;
twong@hawaiilaw411.com

Attorneys for Defendant
DANIEL CUNNINGHAM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD ANDREW ALEXANDER; DANTE BALSIMO; ROBERT A. BATES; PHOT CHANTIRATH; JOANNE CLAY; WILLIAM CLAY; RENO DAWSON; MICHAEL DRANE; HAROLD FOUST; JONATHAN GRIFFIN; RAPHAEL GUTIERREZ; CHRISTOPHER HAWKINS; LAURALYN HAWKINS; MCKINLEY JOHNSON; VINCENT JOHNSON; DARELL MAGLINTI; JACK MENDOZA; KEVIN MURATA; HOLLY NOJIMA; ALISON PRAY; BRUCE RAGLIN; MARK RIPLEY; VAN ROHN; SCOTT SMITH; ALTHEA STUDMIRE; RICHARD SUMIYE; JESSE TAYLOR; MARTIN THROWMAN; SHIRLEY TORRES; | CIVIL NO. CV09-00193 DAE/LEK<br><br>DEFENDANT DANIEL CUNNINGHAM'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE |

| | |
|---|---|
| HAL WISE; BERNADETTE YOCKMAN,<br><br>             Plaintiffs,<br><br>vs.<br><br>LOIDA BUMANGLAG SANTOS; GRACE BUMANGLAG SANTOS; GEORGE RONALD E. JENKINS; DANIEL CUNNINGHAM; AND DOE DEFENDANTS 1-10,<br><br>             Defendants. | |

## DEFENDANT DANIEL CUNNINGHAM'S ANSWER TO COMPLAINT

Comes now defendant DANIEL CUNNINGHAM ("this Defendant"), by their attorneys, and, for answer to the Complaint filed herein on April 28, 2009 ("Complaint") herein, alleges and avers as follows:

FIRST DEFENSE: ALL COUNTS:

    1.    The Complaint fails to state a claim against This Defendant upon which relief can be granted.

SECOND DEFENSE: Prefatory Allegations:

    2.    This Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 1, 6, 7, 8, 9, 10, 16, 17, and 18: except that he:

    a.  specifically denies any and all allegations of actionable conduct on his part and further deny that any such actionable conduct on his part was the proximate cause of any injury or damages.

  3.  Paragraphs 2, 3, 4, and 5 are admitted.

  4.  Paragraph 11, 12, 13, 14, 15, are denied.

SECOND DEFENSE: Count I - Slavery/Peonage

  5.  This Defendant realleges and incorporates herein by reference their answers to Paragraphs 1 through 15, inclusive.

  6.  Paragraphs 20 and 21 are denied.

SECOND DEFENSE: Count II - Negligence

  7.  This Defendant realleges and incorporates herein by reference their answers to Paragraphs 1 through 21, inclusive.

  8.  Paragraphs 23 and 24 are denied.

SECOND DEFENSE: Count III - Breach of Landlord/Tenant Code

  9.  This Defendant realleges and incorporates herein by reference their answers to Paragraphs 1 through 24, inclusive.

  10.  Paragraphs 26 and 27 are denied.

## SECOND DEFENSE: Count IV - Breach of the Implied Warranty of Habitability and Fitness

11. This Defendant realleges and incorporates herein by reference their answers to Paragraphs 1 through 27, inclusive.

12. Paragraphs 29, 30 and 31 are denied.

## SECOND DEFENSE: Count V - Battery

13. This Defendant realleges and incorporates herein by reference their answers to Paragraphs 1 through 31, inclusive.

14. Paragraphs 33 and 34 are denied.

## SECOND DEFENSE: Count VI - Vicarious Liability/Respondeat Superior

15. This Defendant realleges and incorporates herein by reference their answers to Paragraphs 1 through 34, inclusive.

16. Paragraphs 36 and 37 are denied.

## SECOND DEFENSE: Count VII - Punitive Damages

17. This Defendant realleges and incorporates herein by reference their answers to Paragraphs 1 through 37, inclusive.

18. Paragraph 39 is denied.

## THIRD DEFENSE: ALL COUNTS:

19. Plaintiffs willingly, knowingly or voluntarily, expressly or impliedly assumed the risk of the accident and any injuries and/or damages they may have sustained as alleged in the Complaint.

## FOURTH DEFENSE: ALL COUNTS:

20. If plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and/or damages were caused or contributed to by negligence on the part of plaintiffs, or one of them.

## FIFTH DEFENSE: ALL COUNTS:

21. This Defendant was not a substantial factor in causing the accident, injuries and/or damages alleged in the Complaint.

## SIXTH DEFENSE: ALL COUNTS:

22. Plaintiffs lack standing to pursue claims against This Defendant.

## SEVENTH DEFENSE: ALL COUNTS:

23. The claims of Plaintiffs are barred by the defense of the statute of limitations.

## EIGHTH DEFENSE: ALL COUNTS:

24. The claims of Plaintiffs are barred by the defense of consent.

NINTH DEFENSE: ALL COUNTS:

25. The claims of Plaintiffs are barred by the defense of necessity.

TENTH DEFENSE: ALL COUNTS:

26. Plaintiffs' claims are barred by the doctrine of superceding cause.

ELEVENTH DEFENSE: ALL COUNTS:

27. Plaintiffs' claims are barred by the operation of the doctrine(s) of laches, waiver or estoppel.

TWELFTH DEFENSE: ALL COUNTS:

28. The allegations set forth in the Complaint do not warrant an award of prejudgment interest.

THIRTEENTH DEFENSE: ALL COUNTS:

29. Plaintiffs have failed to mitigate their damages.

FOURTEENTH DEFENSE: ALL COUNTS:

30. The actions complained of do not warrant an award of punitive damages.

FIFTEENTH DEFENSE: ALL COUNTS:

31. Defendants aver that any award of punitive damages to plaintiff in this case would be violative of the constitutional safeguards provided to

defendant under the Constitution of the State of Hawaii and the Constitution of the United States.

SIXTEENTH DEFENSE: ALL COUNTS:

32. Defendants aver that any award of punitive damages to plaintiff on the basis of vicarious liability would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Hawaii and the Constitution of the United States.

SEVENTEENTH DEFENSE: ALL COUNTS:

33. Defendants aver that any award of punitive damages to plaintiff in this case would be violative of the constitutional safeguards provided to defendants under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

EIGHTEENTH DEFENSE: ALL COUNTS:

34. Defendants aver that any award of punitive damages to plaintiff in this case would be violative of Article I, Section 5 of the Constitution of the State of Hawaii which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

NINETEENTH DEFENSE: ALL COUNTS:

35. Defendants aver that any award of punitive damages to plaintiff in this case would be violative of the procedural safeguards provided to defendants under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature and consequently, defendants are entitled to the same procedural safeguards accorded to criminal defendants.

TWENTIETH DEFENSE: ALL COUNTS:

36. Defendants aver that it is violative of the self-incrimination clause of the Fifth Amendment of the Constitution of the United States to impose against defendants punitive damages, which are penal in nature, yet compels defendants to disclose potentially incriminating documents and evidence.

TWENTYFIRST DEFENSE: ALL COUNTS:

37. Defendants aver that it is violative of the self-incrimination clause of Article I, Section 10 of the Constitution of the State of Hawaii to impose against defendants punitive damages, which are penal in nature, yet compels defendants to disclose potentially incriminating documents and evidence.

TWENTYSECOND DEFENSE: ALL COUNTS:

38. Defendants aver that plaintiff's claim of punitive damages violates the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(1)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(3)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(4)     The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

(5)     The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due

Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

TWENTYTHIRD DEFENSE: ALL COUNTS:

39.    Defendants aver that plaintiff's attempt to impose punitive or extra-contractual damages on the defendants on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

TWENTYFOURTH DEFENSE: ALL COUNTS:

40.    Defendants aver that an award of punitive damages to plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

TWENTYFIFTH DEFENSE: ALL COUNTS:

41.    Plaintiffs have failed to exhaust administrative remedies and/or failed to comply with conditions precedent to bringing suit.

WHEREFORE, This Defendant prays that:

A.    The Complaint herein be dismissed and he be given his costs and attorney's fees;

B.    If it be determined that This Defendant, plaintiffs and/or their decedent, and any other party were negligent with respect to the events described

in the Complaint, the relative and comparative degree of fault of each party be determined in accordance with Section 663-31, Hawaii Revised Statutes, as amended, and judgment be rendered accordingly; and

    C.    They be given such other and further relief as to this Court seems just.

DATED: HONOLULU, HAWAII, JUN 23 2009

KEVIN P. H. SUMIDA
ANTHONY L. WONG
Attorneys for Defendant
DANIEL CUNNINGHAM