IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOANNE CLAY, ET AL., | ) | CIVIL NO. 09-00193 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LOIDA BUMANGLAG SANTOS, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDING AND RECOMMENDATION THAT**
**CASE BE DISMISSED WITHOUT PREJUDICE**

Pro se Plaintiff Martin Thromman ("Plaintiff Thromman") failed to appear at a status conference before this Court on January 21, 2010. On January 26, 2010, this Court issued an Order to Show Cause ("OSC") why Plaintiff Thromman should not have his claims dismissed for failure to prosecute. This Court directed the Clerk's Office to serve the OSC on Plaintiff Thromman via certified mail, return receipt requested, at his last known mailing address of 1701 Lewalani Drive, Honolulu, Hawaii 96822. The envelope, however, was returned by Postal Service marked "Return to Sender/Not Deliverable as Addressed/Unable to Forward."

This matter came on for a hearing on the OSC on February 22, 2010. Christopher Dias, Esq., appeared on behalf of the other plaintiffs in this action. Three calls were made for Plaintiff Thromman, but he did not appear.

Courts do not take failure to comply with court orders lightly. Rule 16(f)(1) provides, in pertinent part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;
> . . . .
> (C) fails to obey a scheduling or other pretrial order.

Rule 37(b)(2)(A)(v) provides that the court may "dismiss[] the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). In addition, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]"

Plaintiff Thromman has failed to keep the district court apprised of his current mailing address and failed to appear at both the status conference and the hearing on the OSC. After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).

strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, the defendants will not be prejudiced, and there are no less drastic alternatives available at this time.

In accordance with the foregoing, this Court RECOMMENDS that the Complaint in this case be DISMISSED WITHOUT PREJUDICE as to Plaintiff Martin Thromman.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation.  See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Finding and Recommendation."  A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, March 5, 2010.



　　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　　United States Magistrate Judge


**JOANNE CLAY, ET AL. V. LOIDA BUMANGLAG SANTOS, ET AL.; CIVIL NO. 09-00193 DAE-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**